# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

---

**JAMES HATCHER,**

                                                                                                                  **Case No._____**

**Plaintiff**

        Versus

**CRONIC NISSAN, INC.,**

**Defendant**

---

## NATURE OF THE ACTION

Plaintiff James Hatcher files this Truth in Lending Act ("TILA") Complaint against Cronic Nissan, Inc. ("Cronic") for falsely stating the APR on the loan, falsely stating the amount financed and falsely stating the finance charge on a used car loan which he took out. Cronic's error is caused by among other things its claim that a dealer services fee for $799 is not part of the dollar amount that the credit was costing Plaintiff. To make matters worse, even though the contract appears to state that Cronic has assigned its interests in the contract to Global Lending Services, Cronic is now demanding Plaintiff return the vehicle that he financed. Cronic is also demanding that Plaintiff forfeit his entire $3,500 down payment and is not providing instructions on how Plaintiff can make his $428.78 monthly payment which he is ready, willing and able to do.

**PARTIES**

1. Plaintiff James Hatcher is a citizen and resident of Dekalb County, Georgia.

2. Defendant Cronic Nissan, Inc. is a Georgia Corporation with an address of 2624 NORTH EXPRESSWAY, GRIFFIN, GA, 30223.

**JURISDICTION & VENUE**

3. Jurisdiction and venue are proper in this Honorable Court under 28 USC § 1391(b)(2) because the events giving rise to the allegations occurred within this district.

**Count I Violations of the Truth in Lending Act**

4. 15 USC 1601(a) titled "Congressional findings and declaration of purpose" states the purpose of TILA:

Congress finds that economic stabilization would be enhanced and the competition among the various financial institutions and other firms engaged in the extension of consumer credit would be strengthened by the informed use of credit. The informed use of credit results from an awareness of the cost thereof by consumers. It is the purpose of this subchapter to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit

terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.

5. Plaintiff was harmed by Defendant's false disclosures because he could not successfully comparison shop the loan.

6. The 17.70% interest rate disclosed was very close to the maximum interest rate that Plaintiff would accept for his loan.

7. In other words, had the correct interest rate of over 20% been disclosed, Plaintiff would likely have not taken the loan.

8. Plaintiff paid more for his credit than he expected.

9. Defendant has been engaged in the business of providing loans where motor vehicles serve as collateral from its dealership in Griffin, Georgia.

10. On November 21, 2020, Plaintiff agreed to purchase a vehicle with a cash price of $18,015 and he also agreed to purchase a $2,500 service contract.

11. Plaintiff made a $3,500 down payment.

12. Plaintiff was told that in order to obtain a loan for his vehicle he needed to obtain Gap Insurance for $900. Therefore the $900 should have been a finance charge. *Robinson v. Carport Sales & Leasing, Inc.*, 2015 WL 224655 at * 3 (M.D. Fla. 2015)

13. In all events, the amount that Cronic kept should have been disclosed as a finance charge.

14. On information and belief, because Cronic is a for profit corporation and because it gave itself the contractual right to, Cronic kept all or some of the amount of money which Plaintiff paid for his service contract but Cronic nevertheless listed the full $2,500 as amount financed without disclosing the amount it kept and including that amount in the finance charge.

15. On information and belief, because Cronic is a for profit corporation and because it gave itself the contractual right to, Cronic kept all or some of the amount of money which Plaintiff paid for his Gap Insurance.

16. Cronic listed a $799 dealer services fee which should have been included in the finance charge but Cronic included it in the amount financed.

17. On information and belief, Cronic falsely disclosed under "Official Fees Paid to Government Agencies" that $69 was paid to "State of GA for EVR fee".

18. On information and belief, no such fee exists.

19. A google search for a $69 EVR fee doesn't turn up anything relevant to a used car purchase.

20. On the other hand, an $18 fee was also disclosed but that discrete entry was correct because it represents a title fee which is excludable under 15 USC 1605 (d).

WHEREFORE, the premises considered, Plaintiff prays that this Court grant Plaintiff the following relief:

(a) Statutory damages and actual damages pursuant to 15 U.S.C. §1640;

(b) Litigation costs and attorneys' fees; and

(c) Any other relief as may be just and proper.

**JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED this 6th day of January, 2021.


By: s/ Shimshon Wexler
Georgia Bar No. 436163
ATTORNEY FOR PLAINTIFF
S Wexler, LLC
2244 Henderson Mill Rd, Suite 108
Atlanta, Georgia 30345
T: (212) 760-2400
F: (678) 609-1482
swexleresq@gmail.com