## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JAMES HATCHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| **v.** | ) | **NO. 1:21-CV-00058-CC-RGV** |
| | ) | |
| **CRONIC NISSAN, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AND TO COMPEL ARBITRATION

COMES NOW Defendant Cronic Nissan, Inc. ("Defendant") by and through the undersigned counsel, and hereby files its Motion to Dismiss and Compel Arbitration. For the reasons set forth herein, Defendant's Motion should be granted.

## I.      INTRODUCTION

Plaintiff filed this matter based on his purchase and financing of a used automobile from Defendant. It is undisputed that the agreement Plaintiff executed with Defendant includes an arbitration provision that clearly covers his underlying claims. Nevertheless, Plaintiff has filed this action in this Court. For this reason, Defendant, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, hereby moves this Court to dismiss this matter and to compel arbitration.

## II.   <u>FACTUAL BACKGROUND</u>

### A.   <u>The Complaint.</u>

Plaintiff James Hatcher, the purchaser of a used automobile from Defendant, filed this matter alleging violations of the Truth in Lending Act ("TILA").  Among other things, Plaintiff alleges that Defendant "kept all or some of the amount of money which Plaintiff paid for his service contract but Cronic nevertheless listed the full $2,500 as amount financed without disclosing the amount it kept and including that amount in the finance charge."  (Complaint, Doc. 1 ¶ 14.)  He further alleges that Defendant kept all or some of the amount of money that Plaintiff paid for his Gap Insurance.  (*Id.* ¶ 15.)  He also alleges that Defendant listed a dealer services fee that should have been included in a finance charge, but was included in the amount financed.  (*Id.* ¶ 16.)  He also alleges that Defendant falsely disclosed certain fees.  (*Id.* ¶¶ 17-20.)

### B.   <u>The Arbitration Agreement.</u>

As part of the purchase and financing of the vehicle, Plaintiff entered into a Retail Installment Contract – Simple Finance Charge (With Arbitration Provision) (the "Retail Installment Agreement").   (Declaration of Kip Claxton ("Claxton Decl."), attached hereto as Exhibit "A," at ¶5, Ex. 1.)  As part of this agreement, Plaintiff specifically agreed as follows: "**Agreement to Arbitrate**: By signing

below, you agree that, pursuant to the Arbitration Provision on the reverse side of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action.  See the Arbitration Provision for additional information concerning the agreement to arbitrate."   (*Id.*)  The Retail Installment Agreement includes an Arbitration Provision (hereinafter "Arbitration Agreement") that provides, in relevant part, as follows:

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

(Claxton Decl., ¶ 5, Ex. 1 at 5.)  The Arbitration Provision provides additional procedures, including for the selection of a forum, the law applied by the arbitrator, and the venue for the arbitration hearing.  (*Id.*)

## III.  ARGUMENT AND CITATION TO AUTHORITY

### A.  Plaintiff's Complaint Should Be Dismissed Because His Claims Are Subject to the Arbitration Agreement.

Under clear and controlling authority, the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, rather than O.C.G.A. § 9-9-2, governs this dispute. In this regard, the FAA provides that "[a] written provision in any . . . contract evidencing a

transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id.* § 2. As noted above, Plaintiff's claims arise under federal law and the Arbitration Agreement itself provides that "[a]ny arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. 1 et seq.) and not by any state law concerning arbitration." (Claxton Dec., Ex. 1 at 5.) Furthermore, Defendant purchases vehicles from out of state and sells vehicles to customers in other states. (*Id.*) Documents filed with Plaintiff's Complaint show relationships with parties in other states, including a finance lien to Global Lending Services in New York. (Complaint, Doc. 1, Ex. 1 at 3.) Thus, the FAA governs this dispute. *See Krut v. Claxtoncap Hous. Group, LLC*, 268 Ga. App. 436, 439, 602 S.E.2d 201, 205 (2004) ("Where . . . a transaction involves commerce, within the meaning of the [FAA], the state law and policy with respect thereto must yield to the paramount federal law." (*citing Wise v. Tidal Constr. Co.*, 261 Ga. App. 670, 673(1), 583 S.E.2d 466 (2003) and *Allied–Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281 (1995) (Section 2 of FAA applies if transaction in fact involves interstate commerce "even if the parties did not contemplate an interstate commerce connection"))). *See also Randolph v. Green Tree Fin. Corp.*, 244 F.3d 814 (11th Cir.

2001) (arbitration agreement to arbitrate TILA claims enforceable).

In *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018), the U.S. Supreme Court reaffirmed the long-established federal policy favoring enforcement of agreements to arbitrate disputes and held that the FAA "requires courts 'rigorously' to 'enforce arbitration agreements according to their terms[.]'" *Id.*; *see also Perry v. Thomas*, 482 U.S. 483, 489 (1987) (reflecting a "liberal federal policy favoring arbitration agreements"); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983) ("The [FAA] establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.").

A party may compel arbitration under the FAA if: (1) there is a valid written agreement to arbitrate; (2) the claim at issue is arbitrable under the agreement; and (3) the party asserting the claim failed or refused to arbitrate. *See, e.g.*, *Breletic v. CACI, Inc.*, 413 F. Supp. 2d 1329, 1334 (N.D. Ga. 2006); *Lomax v. Woodmen of the World Life Ins. Soc'y*, 228 F. Supp. 2d 1360, 1362 (N.D. Ga. 2002). If these three elements are met, the court "must compel arbitration immediately after one of the contractual parties so requests." *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 854 (11th Cir. 1992). *See also Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) ("[T]he FAA requires a court to either stay or dismiss a lawsuit and to

- 5 -

compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement.").

Indeed, the court must award such an arbitration demand "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs. v. Comm'c'ns Workers of Am.*, 475 U.S. 643, 653 (1986). Even where there are doubts concerning the exact scope of issues an agreement sets out as arbitrable, the court must resolve these doubts in favor of arbitration. *Id.* Each of the three elements outlined by the federal courts interpreting the FAA is met here.

## 1.   <u>The Arbitration Agreement Is Valid And Enforceable.</u>

Here, there is no question that the Arbitration Agreement is valid and enforceable. (*See* Claxton Decl., Ex. 1.) Whether the arbitration agreement is a valid and enforceable contract is a question of Georgia contract law. *Caley v. Gulfstream Aero. Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005). Under Georgia law, the elements of a binding contract are "[a] definite offer and complete acceptance, for consideration." *McBride v. Gamestop, Inc.*, No. 1:10-CV-2376-RWS, 2011 U.S. Dist. LEXIS 12615, at *6 (N.D. Ga. Feb. 8, 2011) (*quoting Moreno v. Strickland*,

255 Ga. App. 850, 567 S.E.2d 90, 92 (2002)).

In this case, there can be no plausible dispute that all the elements of a valid contract are present. "An offer is the manifestation of willingness to enter into a bargain, so made as to justify another person in understanding that his assent to that bargain is invited and will conclude it." *Caley*, 428 F.3d at 1373 (*citing* Restatement (Second) of Contracts § 24) (applying Georgia law). The Arbitration Agreement is clear evidence of an offer and acceptance thereof in exchange for mutual and valid consideration. Among other things, the Arbitration Agreement expressly states:

> **ARBITRATION PROVISION**
> **PLEASE REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS**
> **1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
>
> . . .
>
> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

(Claxton Decl., ¶5, Ex. 1 at 5.) Plaintiff signed an acknowledgment that he agreed that, "pursuant to the Arbitration Provision on the reverse side of this contract, you

or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action." (Claxton Decl., ¶5, Ex. 1 at 4.) *See McBride*, 2011 U.S. Dist. LEXIS 12615, at *7 ("[A] reasonably prudent person would have understood that by signing or failing to sign the acknowledgment, consequences regarding their employment would result.") (citing *Caley*, 428 F.3d at 1374).

"[A]n offer may be accepted . . . either by a promise to do the thing contemplated therein, or by the actual doing of the thing." *Caley*, 428 F.3d at 1374 (quoting *Moreno v. Strickland*, 255 Ga. App. 850, 567 S.E.2d 90, 92 (Ga. App. 2002)). Plaintiff's signature on the Retail Installment Contract and separate acknowledgment of the Arbitration Agreement demonstrates he was aware of and had accepted the terms of the Arbitration Agreement. *McBride*, 2011 U.S. Dist. LEXIS 12615, at *7. He is bound by what he signed. *Charles S. Martin Distrib. Co. v. Bernhardt Furniture Co.*, 213 Ga. App. 481, 445 S.E.2d 297, 299 (Ga. Ct. App. 1994) ("There are few rules of law more fundamental than that which requires a party to read what [s]he signs and to be bound thereby.").

Finally, there is mutual consideration for the agreement to arbitrate because both parties waived their rights to pursue claims against one another in this Court, and agreed that "[e]ach party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law" in connection with

any such dispute. (Claxton Decl., ¶5, Ex. 1 at 5.) *See Caley*, 428 F.3d at 1376 (reciprocal promises to arbitrate and be bound by arbitration constituted bargained-for consideration); *Atlanta Six Flags P'ship v. Hughes*, 191 Ga. App. 404, 381 S.E.2d 605, 607 (1989) ("The mutual promises and obligations of the parties constituted sufficient consideration for the contract."). The above-quoted provisions of the Arbitration Agreement clearly indicate an intent and mutual agreement to arbitrate disputes regarding the Retail Installment Contract.  As such, the Arbitration Agreement is valid and enforceable under Georgia law.

> **2.** **Plaintiff's Claim Is Within The Scope Of The Arbitration Agreement.**

It also cannot plausibly be disputed that the TILA claim in this suit is within the scope of claims subject to arbitration under the Arbitration Agreement.  Again, Plaintiff's claims arise under the Retail Installment Agreement and allegations of violations of the TILA, which is a "statute" under the Retail Installment Agreement. (*See* Claxton Decl., ¶ 5, Ex. 1.)  As such, particularly considering the broad language set forth in the agreement, the fact that the instant dispute is covered by the Arbitration Agreement is also not in doubt.

In light of the foregoing, the Arbitration Agreement encompasses and requires arbitration of Plaintiff's claim.  As a result, because Plaintiff cannot show "with positive assurance that the arbitration clause is not susceptible of an interpretation

that covers the asserted dispute," *AT&T Techs., Inc.*, 475 U.S. at 650, his claim is subject to arbitration.

### 3.     <u>Plaintiff Has Refused To Arbitrate His Claims.</u>

By filing this lawsuit, Plaintiff has "refused" to arbitrate her claims. As a result, this motion is both necessary and appropriate.

## B.     <u>Dismissal Of This Action Is Appropriate.</u>

Plaintiff has asserted a single claim under TILA, and as noted above, he cannot credibly refute that he agreed to arbitrate any legal dispute with Defendant or that his TILA claim is within the scope of arbitrable issues. No other claim is asserted in this lawsuit.

Under these circumstances, this Court should both compel arbitration and dismiss this action in its entirety (though without prejudice). "The Eleventh Circuit has indicated that dismissal is appropriate where all the underlying claims are subject to mandatory arbitration." *Royal v. CEC Entm't, Inc.*, No. 4:18-cv-302, 2019 U.S. Dist. LEXIS 87936, at *14-15 (S.D. Ga. May 24, 2019); *see also Pendergast v. Sprint Nextel Corp.*, 691 F.3d 1224 (11th Cir. 2012) (affirming district court's dismissal of plaintiff's claims when such claims were covered by valid, enforceable arbitration agreement); *Samadi v. MBNA Am. Bank, N.A.*, 178 F. App'x 863, 866 (11th Cir. 2006) (same); *Strozier v. E*Trade Fin. Corp.*, No. 1:12-CV-00330-AT,

2013 U.S. Dist. LEXIS 56226, at *41-42 (N.D. Ga. Feb. 27, 2013) ("Accordingly, Defendants' Motion to Compel Arbitration is GRANTED. The Court declines to stay the case pending arbitration and instead DISMISSES WITHOUT PREJUDICE Plaintiffs Amended Complaint."); *Caley v. Gulfstream Aero. Corp.*, 333 F. Supp. 2d 1367, 1379 (N.D. Ga. 2004), *aff'd*, 428 F.3d 1359 ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992))).

Therefore, Defendant respectfully requests that this Court *dismiss* this action rather than merely stay the proceedings.

## IV.   CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint without prejudice and compel Plaintiff to arbitration.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*s/ Jill R. Dunn*
Jill R. Dunn
Georgia Bar No. 602155
Matthew N. Foree
Georgia Bar No. 268702

*Counsel for Defendant*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
jdunn@fmglaw.com
mforee@fmglaw.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing
**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND
COMPEL ARBITRATION** has been prepared in accordance with Local Rule
5.1(C) (Times New Roman font, 14 point).

*/s/ Jill R. Dunn*
Jill R. Dunn
Georgia Bar No. 602155

Counsel for Defendant

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  770.818.0000
F:  770.937.9960
E: jdunn@fmglaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND COMPEL ARBITRATION** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notifications of such filing to the attorneys of record including the following:

Shimshon Wexler
S Wexler, LLC
2244 Henderson Mill Rd, Suite 108
Atlanta, Georgia 30345

This 29th day of January, 2021.

/s/ Jill R. Dunn
Jill R. Dunn
Georgia Bar No. 602155

Counsel for Defendant

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  770.818.0000
F:  770.937.9960
E: jdunn@fmglaw.com