## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

-------------------------------------------------

JAMES HATCHER,

Case No. 1:21-cv-00058-CC-RGV

**Plaintiff**

   **Versus**

**CRONIC NISSAN, INC.,**

**Defendant**

---------------------------------------------------

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS and MOTION TO COMPEL ARBITRATION

  Plaintiff requests that this Court compel arbitration. But rather than dismiss this case without prejudice as Defendant requests, this Court should stay the proceedings. The Federal Arbitration Act ("FAA") requires issuance of a stay upon the request or "application" of a party to a valid arbitration agreement,

  Plaintiff, James Hatcher, entered a contract with Defendant Cronic Nissan, Inc. to purchase a used 2017 Jeep Renegade. See Doc 6-2 Pages 5-9. He made a down payment of $3,500. Defendant has breached the contract by refusing to provide Plaintiff with paperwork so that he can register his car. Defendant has also refused to provide a mailing address where Plaintiff can mail his monthly payment.

The Complaint in this case alleges that Defendant violated the federal Truth in Lending Act ("TILA") by making false disclosures as to the cost of the loan.

Plaintiff admits that the contract provides a binding arbitration clause. See Doc 6-2 Pages 5-9. The arbitration provision provides that at the election of either party this dispute must be decided by means of arbitration and not in Court or by jury trial. Plaintiff acted within his rights by filing in this Court but agrees that because Defendant has asked that this dispute be arbitrated, the dispute must be arbitrated.

The arbitration provision provides

"We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5,000, unless the law or the rules of the chosen arbitration organization require us to pay more."

Plaintiff requests that this Court order that this dispute be arbitrated by JAMS. Plaintiff notes that he wrote an email to Defendant's counsel in which he agreed to have the dispute arbitrated and asked that the dispute be heard by JAMS but Defendant has not responded to that request.

Plaintiff requests that this Court stay this case rather than dismiss it without prejudice and require the parties to provide updates on the status of the arbitration every 30 days.

Section 3 of the Federal Arbitration Act ("FAA") provides:

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

9 U.S.C. § 3 (emphasis added).

Once a party moves for a stay, Section 3 provides no menu of options. It dictates that the Court "shall ... stay the trial of the action[.]" 9 U.S.C. § 3. See *Bender v. A.G. Edwards & Sons, Inc*., 971 F.2d 698, 699 (11th Cir. 1992) ("The district court properly found that state law claims were subject to arbitration; but erred in dismissing the claims rather than staying them. Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be

stayed pending arbitration." ); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1369 (11th Cir. 2005) (stating that the "FAA's enforcement sections require a court to stay a proceeding where the issue in the proceeding 'is referable to arbitration' " under a written arbitration agreement); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Worker Int'l Union AFL-CIO-CLC, USW Local 200 v. Wise Alloys, LLC*, 807 F.3d 1258, 1268 (11th Cir. 2015) (stating that a stay is proper where Section 3 of the FAA is applicable and a party requests a stay).

WHEREFORE, Plaintiff requests that this Court compel arbitration to JAMS, stay this proceeding and require updates on the status of mediation every 30 days.

Dated this 5th day of February 2021.

Respectfully submitted,

By: /s/ Shimshon Wexler
GA Bar No. 436163
S Wexler LLC
1118 Empire Rd
Atlanta, GA 30345
(212) 760-2400
(917) 512-6132 (FAX)
swexleresq@gmail.com

## **CERTIFICATE OF SERVICE, FONT AND MARGINS**

I hereby certify that the above was filed via the CM/ECF on the date noted above. I further certify that I prepared this document in 14-point Times New Roman font and complied with the margin and type requirements of this Court.

/s Shimshon Wexler