**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JAMES HATCHER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CIVIL ACTION FILE** |
| v. ) | **NO. 1:21-CV-00058-CC-RGV** |
| ) | |
| **CRONIC NISSAN, INC.,** ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND TO COMPEL ARBITRATION**

In response to Defendant Cronic Nissan, Inc.'s ("Defendant") Motion to Dismiss and Compel Arbitration, Plaintiff James Hatcher ("Plaintiff") has requested that the Court compel arbitration. He also requests that the dispute be arbitrated by JAMS. Finally, he requests that the Court stay the case pending arbitration instead of dismissing it. As explained below, although the parties agree that the Court should compel arbitration, the Court need not order that the dispute be arbitrated by JAMS. Additionally, the case should be dismissed, because all of Plaintiff's claims are subject to arbitration. Therefore, Defendant's Motion should be granted.

**I. Plaintiff Concedes that the Arbitration Agreement is Valid and Enforceable and Applies to His Claims**

In his Response to Defendant's Motion, Plaintiff states, "Plaintiff requests that

this Court compel arbitration." (Doc. 7 at 1.) He further "admits that the contract provides a binding arbitration clause" and that "because Defendant has asked that this dispute be arbitrated, the dispute must be arbitrated." (Doc. 7 at 2.) Accordingly, Plaintiff has conceded that the agreement is valid and enforceable and applies to his claim. Therefore, the parties are in agreement that the Court should compel arbitration.

## II. Plaintiff's Request that the Court Order Arbitration Through JAMS is Contrary to the Arbitration Agreement and Should Be Denied

Curiously, Plaintiff "requests that this Court order that this dispute be arbitrated by JAMS." (Doc. 7 at 2.) Plaintiff does so in his Response brief and without moving for such relief. Regardless, the request is without basis and contrary to the Arbitration Agreement, which speaks to this issue. It provides, "You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration **subject to our approval**." (Doc. 6-2 at 9.) (Emphasis added.) Defendant has not approved JAMS as the organization to conduct the arbitration, as the parties have not discussed the matter substantively. Therefore, at this point it would not be necessary or appropriate for the Court order that a certain organization conduct the arbitration. As such, Plaintiff's request should be denied.

### III. The Case Remains Subject to Dismissal Without Prejudice Pending Arbitration

Plaintiff has asserted a single claim under TILA. Under these circumstances, the Court "must compel arbitration and either 'stay or dismiss' this action." *Royal v. CEC Entm't, Inc.*, No. 4:18-cv-302, 2019 U.S. Dist. LEXIS 87936, at *14-15 (S.D. Ga. May 24, 2019) (*citing Lambert v. Austin Ind.,* 544 F.3d 1192, 1195 (11th Cir. 2008)). Courts have recognized that the "Eleventh Circuit has indicated that dismissal is appropriate where all the underlying claims are subject to mandatory arbitration." *Royal*, 2019 U.S. Dist. LEXIS 87936, at *14-15 (exercising discretion and granting motion to dismiss and compel arbitration where all claims were subject to arbitration). Because all of Plaintiff's claims are subject to mandatory arbitration, dismissal remains appropriate. *See Caley v. Gulfstream Aero. Corp.*, 333 F. Supp. 2d 1367, 1379 (N.D. Ga. 2004), *aff'd*, 428 F.3d 1359 ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992))).

### IV. CONCLUSION

For the foregoing reasons, and those in its initial Motion, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint without prejudice and compel Plaintiff to arbitration.

- 4 -

Respectfully submitted, this 2nd day of April, 2021.

**FREEMAN MATHIS & GARY, LLP**

*s/ Jill R. Dunn*
Jill R. Dunn
Georgia Bar No. 602155
Matthew N. Foree
Georgia Bar No. 268702

*Counsel for Defendant*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
jdunn@fmglaw.com
mforee@fmglaw.com

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND COMPEL ARBITRATION** has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

                                      */s/ Jill R. Dunn*
                                      Jill R. Dunn
                                      Georgia Bar No. 602155

                                      *Counsel for Defendant*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  770.818.0000
F:  770.937.9960
E: jdunn@fmglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AND COMPEL ARBITRATION** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notifications of such filing to the attorneys of record including the following:

Shimshon Wexler
S Wexler, LLC
2244 Henderson Mill Rd, Suite 108
Atlanta, Georgia 30345

This 2nd day of April, 2021.

/s/ Jill R. Dunn
Jill R. Dunn
Georgia Bar No. 602155

*Counsel for Defendant*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
T:  770.818.0000
F:  770.937.9960
E: jdunn@fmglaw.com